IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE DAMOND JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-809-G-BN |
| | § | |
| DOLLAR TREE STORES INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kyle Damond Jones, who alleges that he is "autistic and disabled," filed a *pro se* complaint against Defendant Dollar Tree Stores under Title II of the Americans with Disabilities Act (ADA), alleging that, while at a Dollar Tree Store in Dallas, he was "punched and attacked due to the failure of Dollar Tree to protect disabled customers and others in need of security." Dkt. No. 3. Jones also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So Senior United States District Judge A. Joe Fish referred Jones's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Jones leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for Jones's failure to allege a plausible claim under Title II of the ADA.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily

dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Even outside the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as

the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*,

870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Title II of the ADA "covers discrimination in the provision of public services," *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004) (citing 42 U.S.C. §§ 12131, *et seq.*), and provides

> that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.130(a) ("No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity").

*Greer v. Richardson Indep. Sch. Dist.*, 472 F. App'x 287, 290-91 (5th Cir. 2012) (per curiam) (footnote omitted).

To plausibly allege a claim under Title II of the ADA, a plaintiff must allege facts to show – or from which the Court may infer –

> "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits

>of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."

*Windham v. Harris Cnty., Tex.*, 875 F.3d 229, 235 (5th Cir. 2017) (quoting *Melton*, 391 F.3d at 671-72); *accord Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

If a plaintiff does not, the ADA claim should be dismissed. *See, e.g.*, *Nelson v. Collins*, 765 F. App'x 75, 75-76 (5th Cir. 2019) (per curiam) (affirming dismissal of an ADA Title II claim where the plaintiff's "allegations [did] not set forth facts supporting a claim that he was discriminated against in any way because of his disability"); *Mora v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:09-cv-927-N, 2011 WL 13183237, at *4 (N.D. Tex. Feb. 10, 2011) ("Mora fails to allege sufficient facts that support a plausible claim that she is an individual with a disability. Although she offers the conclusory statements that she has an 'impairment' that 'substantially limits her major life activities,' she fails to identify any life activity that her alcoholism affects. Although Mora need not plead a prima facie case, she must provide grounds demonstrating an entitlement to relief that are more than labels and conclusions." (citations omitted)), *aff'd*, 469 F. App'x 295 (5th Cir. 2012) (per curiam).

Here, even if the Court accepts that Jones has a qualifying disability and that his allegedly being attacked excluded him from public services provided by the defendant, Jones has not alleged facts that demonstrate – or from which the Court may infer – that he was attacked (or otherwise discriminated against) <u>because of his disability</u>. As to this required element of a plausible ADA claim, Jones only asserts his own legal conclusion. *See* Dkt. No. 3 at 2 ("I am autistic and disabled so upon

entering the store I asked an employee who appeared to be a manager where security was…. At the store I was punched and attacked due to the failure of Dollar Tree to protect disabled customers and others in need of security.").

While Jones need not plead a prima facie case of disability discrimination under Title II of the ADA at this stage, his complaint must include facts that allow the Court to infer more than the mere possibility of disability discrimination. *Cf. Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted)). Because he has not included such facts, his complaint should be dismissed.

The time to file objections to the FCR (further explained below) allows Jones an opportunity to explain how he would cure the deficiencies identified above (that is provide enough facts to plausibly allege all elements of a claim under Title II of the ADA) and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the

plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Jones fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Jones satisfactorily shows that he can amend his complaint to allege a plausible claim under Title II of the Americans with Disabilities Act.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE